LEGAL MAIL
Provided to
Wakulla CI

AUG 3 1 2022

# PETITION UNDER 28 U.S.C. § 2254
## BY A PERSON IN CUSTODY
## PURSUANT TO A STATE COURT JUDGMENT

FOR MAILING

| | |
|---|---|
| **UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF FLORIDA** | **Division:** *Pensacola* |
| **Name of Petitioner** *(under which you were convicted)* <br> *Paul Burns* | **Case No.:** <br> 3:22cv17474-MCR-HTC <br> *(to be assigned by the Clerk's Office)* |
| **Prisoner ID #** <br> A50969 | **Place of Current Confinement and Address** <br> *Wakulla C.I. Main Unit* <br> *110 Melaleuca Drive* <br> *Crawfordville, FL 32327-4963* |
| **NAME OF PETITIONER** *(include aliases)* <br> *Paul Burns*   v. | **NAME OF RESPONDENT** *(authorized person having custody of petitioner)* <br> *Mark S. Inch* |
| **THE ATTORNEY GENERAL OF THE STATE OF** *Florida* <br> *(State in which challenged judgment was entered)* | |

## I. PROCEDURAL HISTORY

    A. Name and location *(circuit and county)* of the court that entered the judgment

of conviction or sentence under attack: *First Judicial Circuit*

*Walton County* Case Number *(if known):* *2011-CF-000702*

FILED USDC FLND PN
SEP 6 '22 PM4:18



B. Date of Judgment *(conviction/sentence)*: _August 7, 2012_

C. Date of Sentence: _August 7, 2012_

D. Sentence Imposed: _Life_

E. Identify all crimes of which you were convicted and sentenced in this case *(all*

*counts)*: _one count of sexual battery_

F. What was your plea? (*Check one*)

☐ Guilty          ☑ Not Guilty          ☐ Nolo contendere

If you entered a guilty plea to one count or charge and a not guilty plea to

another count or charge, please explain: _____

G. If you pleaded not guilty, what kind of trial did you have? (*Check one*)

☑ Jury     ☐ Judge only *(Bench Trial)*

H. Did you testify at a pretrial hearing, trial, or post-trial hearing?

☐ YES     ☑ NO

I. Did you appeal from the judgment of conviction?

☑ YES     ☐ NO

*(If you did not appeal, skip to Question K.)*

J. If you did appeal, answer the following:

1. Name of Court: _First District Court of Appeal_

2. Date Filed: _?_

3. Case Number *(if known)*: _1 D 14 - 0170_

4. Date of Result: _July 2, 2015_

5. Citation to Case *(if known)*: _Burns v. State, 128 So. 3d 913, 944_
   _(Fla. 1st DCA 2013)_

6. Result: _affirmed per curiam without written opinion_

7. Grounds Raised on Appeal: _Trial court erred reversibly_
   _in denying Petitioner's motion to be declared_
   _partially indigent for the purpose of hiring an_
   _expert witness and denying a continuance._

8. Did you file a petition for rehearing?   ☑ YES   ☐ NO

   If yes, state the result: _Denied_

   _____ Date of Result: _8/14/15_

9. Did you seek review in the Florida Supreme Court?   ☐ YES   ☑ NO

   If yes, state the result: _____

   _____ Date of Result: _____

   Citation to Case *(if known)*: _____

*This is the entry Denial in Their Answer Brief dated May 13, 2020.*

considerations in favor of indigency. Mansfield does not require reversal.

The remainder of Burns' argument relies on two cases: Harrison v. State, 33 So.3d 727 (Fla. 1st DCA 2010); and Jenkins v. Com., 308 S.W.3d 704, 707-8 (Ky. 2010). Jenkins is addressed in the State's harmless error argument. Neither case compels reversal.

Turn to Harrison. There, the conviction was reversed because this court found harmful error in exclusion of a defense expert; precluding such testimony. Harrison was tried for child sexual abuse. The victim was eleven at the time of trial. She testified that he twice rubbed her "private," 7-8 years earlier; but could not recall if it was above or beneath her clothing (id. at 728-9).

Just this much of Harrison reveals significant differences between that case and Burns' circumstances. Far less time passed between the molestation and when the victim alerted her mother to it. The information was filed January 6, 2012. (R1: 16). It alleged the crime was committed between February 1 and August 24, 2011. (Id.). Trial was held in early August 2012, at most 1½ years after the earliest alleged date of the crime.

For purposes of this appeal, the State will agree that a juror typically would not have experience or knowledge of whether an autistic (as opposed to a child who was not autistic) would be more susceptible to the power of suggestion through well-intentioned, but leading, questions by an untrained person. Again, for purposes of this appeal, the State also will agree that a juror typically would not have experience or knowledge which the victim's mother had through her experience; that is, how to ask difficult questions of an autistic child and still get a meaningful answer. Therefore, it would have been error for the trial court here to exclude a known expert, timely disclosed, on the basis that the expert's opinion was on a matter generally within the knowledge or experience of the jurors.

26

10. Did you file a petition for certiorari in the U. S. Supreme Court?

☐ YES   ☑ NO

If yes, state the result: _____

_____  Date of Result: _____

Citation to Case (*if known*): _____

K. Other than the direct appeals listed above, have you filed any other petitions, applications, or motions challenging judgment of conviction in any state court? ☑ YES   ☐ NO

*(If your answer is NO, skip to Question P.)*

L. If your answer to Question K is YES, answer the following:

1. Name of Court: *First Judicial Circuit, Walton County*

2. Identify what you filed (*for example, a Rule 3.850 motion, habeas petition, etc.*): *3.800*

_____

3. Case Number (*if known*): _____ Date Filed: *2/10/16*

4. Grounds Raised: *Correct illegal sentence*

_____

_____

_____

5. Was an evidentiary hearing held on your petition or motion?

☐ YES   ☑ NO

6. Result: _State Conceded the court should remove minimum mandatory_   Date of Result: _12/15/16_

M. If you filed a second petition, application, or motion, answer the following:

*(If you did not file additional petitions, applications, or motions, skip to Question O.)*

1. Name of Court: _First District Court of Appeal_

2. Identify what you filed *(for example, a Rule 3.850 motion, habeas petition, etc.)*: _Writ of Habeas Corpus_

_____

3. Case Number *(if known)*: _1D16-0801_   Date Filed: _2/19/16_

4. Grounds Raised: _must allege each essential element, inadmissible statements of Jennifer J. Lopez, insufficient evidence to support conviction, similar fact evidence was ~~twidded~~ inadmissible_

5. Was an evidentiary hearing held on your petition or motion?

☐ YES   ☑ NO

6. Result: _Denied on the merits_

_____   Date of Result: _7/10/18_

N. If you filed a third petition, application, or motion, answer the following:

*(If you did not file additional petitions, applications, or motions, skip to*

*Question O.)*

1. Name of Court: *First Judicial Circuit Walton County*

2. Identify what you filed *(for example, a Rule 3.850 motion, habeas petition,*

   *etc.):* *Rule 3,850 motion*

3. Case Number *(if known)*: _____ Date Filed: *10/4/18*

4. Grounds Raised: *Claims of Innocence and*
   *Trial Court Error.*

5. Was an evidentiary hearing held on your petition or motion?

   □ YES  ☑ NO

6. Result: *Denied as filed untimely*
   _____ Date of Result: *10/30/18*

   *(If you filed more than three petitions, applications, or motions, attach*

   *additional pages as necessary to provide answers to all questions listed in*

   *Question N.)*

O.  Did you appeal to the highest state court having jurisdiction over the action

taken on your petition, application, or motion?

1.  First Petition:     ☑ YES □ NO

2.  Second Petition: ☑ YES □ NO

3.  Third Petition:    ☑ YES □ NO

a.  If you did *not* appeal the result, explain briefly why you did not:

*1ˢᵗ Affirmed without written opinion*

*2ᴺᴰ Denied on the merits*

*3ᴿᴰ Denied as filed untimely*

b.  If you did file an appeal, what was the result: _____

*All rehearing denied*

_____

c.  Date of the opinion/mandate (*include case citation, if known*): _____

*1ˢᵗ 8/14/15      2ᴺᴰ 7/10/18      3ᴿᴰ 10/30/18*

P.  Have you previously filed a § 2254 petition or other pleading regarding the

validity of your state conviction or sentence in any federal court?

☑ YES      □ NO

(*If yes, identify below the court, case number, and, result, including the  result*

*of any appeal.*)

Name of Court: *Northern District* Case #: *3:19cv394/LAC/EMT*

Result: *Relief as to the ineffective assistance of appellate counsel claims asserted in Grounds Three and Seven.*

Appeal? □ YES ☑ NO  Result: _____

---

## II.  GROUNDS RAISED IN CURRENT § 2254 PETITION

**ATTENTION:** *To proceed in federal court, you must ordinarily first exhaust all available state court remedies on each ground raised in this petition. Also, if you do not set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.*

For this petition, state *all* grounds on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. You must provide a summary of *specific facts* in support of each ground raised. Do not argue or cite case law. A supporting memorandum of law, not exceeding 10 pages, may be attached to this petition presenting legal argument, but all supporting facts *must* be set forth in this petition. (*Attach additional pages as needed if you are raising more than four grounds.*)

**A. Ground One:** _Trial Court erred by denying defense counsel's motion for JOA + New Trial_

1. Supporting Facts (*brief statement without citing cases or law*):

   _See attached pg. 89 of R+R on Case No.: 3:19cv394/LAC/EMT Also addressed in State Habeas 1D16-0801 See enclosed Supporting Facts Statement which is the same for All grounds._

2. Did you raise this claim in state court by direct appeal?

   ☑ YES   ☐ NO

   If you did *not* raise this claim, explain why: _____

   _____

   _____

3. Did you raise this claim in a Rule 3.850 motion or otherwise?

   ☑ YES   ☐ NO

   If yes, explain how it was raised (*type of petition*): _State Habeas Corpus (1D16-0801) + Belated Appeal (1D21-0552)_

   a. Name and location of the court where the motion or petition was filed:

   _First District Court of Appeal_

   b. Case # (*if known*): _1D16-0801 and 1D21-0552_

c. Date of Decision: _7/10/18 and 4/28/22_

d. Result: _1D1/6-0801, 7/10/18, Denied on merits_

_1D21-0552, 4/28/22, Affirmed without written opinion._

4. Did you receive a hearing on your motion or petition?

☐ YES  ☑ NO

5. Did you appeal from the denial of your motion or petition?

☑ YES  . NO

6. Was Ground One raised in your appeal?

☑ YES  ☐ NO

a. If not raised in your appeal, why not? _____

_____

b. Identify the name and location of the court where appeal was filed:

_Northern Division of Florida_
_U. S. District Court_

c. Case # (if known): _3:19CV394/LAC/EMT_

d. Date of Decision: _February 12, 2020_

e. Result: _Allowed to File a belated appeal_

_____

_____

7. Identify any other way in which you exhausted state remedies for Ground

One: _N/A_____

_____

_____

**B. Ground Two:** _Evidence totally insufficient_
_to establish the commission of crime charged._

1. Supporting Facts (*brief statement without citing cases or law*):

_See pg. 98 of R + R (attached) on_
_Case No. 3:19 cv 394/LAC/EMT_
_Also addressed in State Habeas 1D16-0801_
_See enclosed Supporting Facts state-_
_ment which is the same for All grounds_

2. Did you raise this claim in state court by direct appeal?

☑ YES ☐ NO

If you did *not* raise this claim, explain why: _____

_____

_____

3. Did you raise this claim in a Rule 3.850 motion or otherwise?

☑ YES ☐ NO

If yes, explain how it was raised (*type of petition*): _State Habeas_

_Corpus (1D16-0801) + Belated Appeal (1D21-0552)_

conclude that Burns' appellate counsel was deficient for failing to argue that there was insufficient evidence to support the conviction. [11]   Additionally, every fairminded jurist must conclude that Burns had a reasonable probability of success on appeal if counsel had argued that there was insufficient evidence to support the conviction.   Burns has demonstrated that AEDPA deference does not apply to the First DCA's adjudication of this IAAC claim.

Considering Burn's IAAC claim without deferring to the First DCA's opinion on it, the undersigned concludes that Burns has demonstrated that his appellate counsel was objectively unreasonable in failing argue that the evidence was insufficient to sustain the conviction.   Additionally, if Burns' appellate counsel had challenged the sufficiency of the evidence, there is a reasonable probability the issue would have been successful on direct appeal.

Burns demonstrated a Sixth Amendment violation with respect to his IAAC claim based on appellate counsel's failure to challenge the sufficiency of the evidence on direct appeal.   Therefore, Burns is entitled to issuance of the writ

---

[11] Even if the challenge to the sufficiency of the evidence was deemed unpreserved, Burns' appellate counsel could have successfully argued that the issue should be reviewed as fundamental error.   *See Mendez v. State*, 271 So. 3d 1093, 1099 (Fla. 3d DCA 2019) ("Because the evidence at trial was legally insufficient to support Mendez's lewd and lascivious molestation conviction, we hold that fundamental error has occurred, and we vacate said conviction.").

a. Name and location of the court where the motion or petition was filed:

*First District Court of Appeal*

b. Case # (*if known*): *1D16-0801 & 1D21-0552*

c. Date of Decision: *7/10/18 and 4/28/22*

d. Result: *1D16-0801, 7/10/18, Denied on merits.*
*1D21-0552, 4/28/22, Affirmed without*
*written decision opinion*

4. Did you receive a hearing on your motion or petition?

☐ YES   ☑ NO

5. Did you appeal from the denial of your motion or petition?

☑ YES   NO

6. Was Ground Two raised in your appeal?

☑ YES   ☐ NO

a. If not raised in your appeal, why not? _____

_____

b. Identify the name and location of the court where appeal was filed:

*Northern Division of Florida*
*U.S. District Court*

c. Case # (*if known*): *3:19cv394/LAC/EMT*

d. Date of Decision: *February 12, 2020*

e. Result: *Allowed to file belated appeal*

_____

_____

7. Identify any other way in which you exhausted state remedies for Ground

Two: _N/A_____

_____

C. **Ground Three:** _Trial Court's Ruling on Tessa_
_Varner's Competency to Testify._

1. Supporting facts (*brief statement without citing cases or law*): _See_

_Attached pgs 83,84, 86 +87 on R+R_
_Case No.3 3:19CV3941LAC/EMT_
_Also addressed in State Habeas 1D16-0801_
_See enclosed supporting facts statement_
_which is the same for All grounds._

2. Did you raise this claim in state court by direct appeal?

☑ YES   ☐ NO

If you did *not* raise this claim, explain why: _____

_____

_____

3. Did you raise this claim in a Rule 3.850 motion or otherwise?

☑ YES ☐ NO

If yes, explain how it was raised (*type of petition*): _State Habeas_

_Corpus (1D16-0801) & Belated Appeal (1D21-0552)_

  a. Name and location of the court where the motion or petition was filed:

    _First District Court of Appeal_

  b. Case # (*if known*): _1D16-0801 & 1D21-0552_

  c. Date of Decision: _7/10/18 and 4/28/22_

  d. Result: _1D16-0801, 7/10/18, Denied on Merits_
    _1D21-0552, 4/28/22, Affirmed without written opinion_

4. Did you receive a hearing on your motion or petition?

  □ YES  ☑ NO

5. Did you appeal from the denial of your motion or petition?

  ☑ YES    NO

6. Was Ground Three raised in your appeal?

  ☑ YES  □ NO

  a. If not raised in your appeal, why not? _____

    _____

  b. Identify the name and location of the court where appeal was filed:

    _Northern Division of Florida_
    _U.S District Court_

  c. Case # (*if known*): _3:19 CV 3441/LAC/EMT_

d. Date of Decision: *February 12, 2020*

e. Result: *Allowed to file belated appeal*

_____

_____

7. Identify any other way in which you exhausted state remedies for Ground

Three: *N/A*

_____

D. **Ground Four:** *Trial court erred by allowing statements of Jennifer Jane Lopez.*

1. Supporting Facts (*brief statement without citing cases or law*): *See*

*attached pg 101 of R&R*

*Case No.: 3:19cv394/LAC/EMT*

*Also addressed in State Habea 1D16-0801*

*See enclosed supporting facts state-*

*ment which is the same for All arounds*

2. Did you raise this claim in state court by direct appeal?

☑ YES ☐ NO

If you did *not* raise this claim, explain why: _____

_____

_____

3. Did you raise this claim in a Rule 3.850 motion or otherwise?

☑ YES ☐ NO

If yes, explain how it was raised (*type of petition*): *State Habeas Corpus (1D16-0801) & Belated Appeal (1D21-0552)*

a. Name and location of the court where the motion or petition was filed:

*First District Court of Appeal*

b. Case # (*if known*): *1D16-0801 & 1D21-0552*

c. Date of Decision: *7/10/18 and 4/28/22*

d. Result: *1D16-0801, 7/10/18, Denied on merits 1D21-0552, 4/28/22, Affirmed without written opinion*

4. Did you receive a hearing on your motion or petition?

☐ YES ☑ NO

5. Did you appeal from the denial of your motion or petition?

☑ YES ☐ NO

6. Was Ground Four raised in your appeal?

☑ YES ☐ NO

a. If not raised in your appeal, why not? _____

_____

b. Identify the name and location of the court where appeal was filed:

*Northern Division of Florida*
*U.S. District Court*

c. Case # (*if known*): *3:19CV394/LAC/EMT*

d. Date of Decision: *February 12, 2020*

e. Result: *Allowed to file belated appeal*

_____

_____

7. Identify any other way in which you exhausted state remedies for Ground

Four: *N/A* _____

_____

*(Set forth additional grounds, if any, on separate sheets of paper.)*

### E. Grounds Not Previously Raised

Is there any ground raised in this petition that has not already been presented

in either state or federal court?

☐ YES   ☑ NO

If so, state the reason(s): _____

_____

_____

_____

## F. Pending Proceedings

Do you have any petition or appeal currently pending (filed, but not yet

decided) in *any* court (state or federal) for the judgment being challenged in

this petition:

☐ YES    ☑ NO

Please explain: _____

_____

## G. Future Sentence

Do you have any future sentence to serve (*as in a consecutive sentence

imposed*) after you complete the sentence for the judgment challenged in this

petition?

☐ YES    ☑ NO

1. If so, identify the other sentence: _____

2. Name and location of the court that imposed that sentence: _____

_____

3. Date Sentence was Imposed: _____

4. Case Number: _____

## H. Timeliness of Petition

If your judgment of conviction became final over one year ago, explain why

the one-year statute of limitations as stated in 28 U.S.C. § 2244(d)[i] does not

bar this petition: _____ *N/A* _____

_____

_____

_____

## III. RELIEF SOUGHT IN CURRENT § 2254 PETITION

Petitioner requests the Court grant this § 2254 petition and provide the

following relief: *Respectfully request this*
*Court to Reverse Mr. Burns'*
*judgment and sentence and remand*
*case for a New trial or Reverse*
*the trial courts denial of his Motion*
*for Judgment of Acquittal, and*
*vacate said conviction.*

_____ or any other relief to which Petitioner is entitled.

Signature of Attorney (*if any*): _____

**I certify and declare, under penalty of perjury, that the foregoing is true**

**and correct and that this petition was (*check one*) □ delivered to prison**

**officials for mailing or □ deposited in the prison's mail system for mailing**

on the _31_ day of _August_, 20_22_.

Date: _8/31/22_ Petitioner's Signature: _____

*(If the person signing above is not the petitioner, state relationship to the*

*petitioner and explain why the petitioner is not signing this petition below.)*

_____

_____

Printed Name of Petitioner: _Paul Burns_

Prisoner ID #: _A50969_

Correctional Institution: _Wakulla C. I. Main Unit_

Address: _110 Melaleuca Drive_

_Crawfordville, FL 32327-4963_

*(You must timely notify the Clerk's Office if there is any change to your*

*mailing address.)*

_____

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court

and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Case 3:22-cv-01747-AR Document 4 Filed 02/06/22 Page 24 of 32

*Answer cases are many. This is the only important page. Answer dated May 13. 2020*

considerations in favor of indigency. Mansfield does not require reversal.

The remainder of Burns' argument relies on two cases: Harrison v. State, 33 So.3d 727 (Fla. 1st DCA 2010); and Jenkins v. Com., 308 S.W.3d 704, 707-8 (Ky. 2010). Jenkins is addressed in the State's harmless error argument. Neither case compels reversal.

Turn to Harrison. There, the conviction was reversed because this court found harmful error in exclusion of a defense expert; precluding such testimony. Harrison was tried for child sexual abuse. The victim was eleven at the time of trial. She testified that he twice rubbed her "private," 7-8 years earlier; but could not recall if it was above or beneath her clothing (id. at 728-9).

Just this much of Harrison reveals significant differences between that case and Burns' circumstances. Far less time passed between the molestation and when the victim alerted her mother to it. The information was filed January 6, 2012. (R1: 16). It alleged the crime was committed between February 1 and August 24, 2011. (Id.). Trial was held in early August 2012, at most 1½ years after the earliest alleged date of the crime.

For purposes of this appeal, the State will agree that a juror typically would not have experience or knowledge of whether an autistic (as opposed to a child who was not autistic) would be more susceptible to the power of suggestion through well-intentioned, but leading, questions by an untrained person. Again, for purposes of this appeal, the State also will agree that a juror typically would not have experience or knowledge which the victim's mother had through her experience; that is, how to ask difficult questions of an autistic child and still get a meaningful answer. Therefore, it would have been error for the trial court here to exclude a known expert, timely disclosed, on the basis that the expert's opinion was on a matter generally within the knowledge or experience of the jurors.

26

Case 3:19-c    )594-LC-EMT   Document 35   Filed    12/21   Page 1 of 2

Page 1 of 2

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION



**Filed**

2/17/21

PAUL BURNS,
    Petitioner,

vs.                                                Case No.: 3:19cv394/LAC/EMT

MARK S. INCH,
    Respondent.

_____/

### ORDER

The chief magistrate judge issued a Report and Recommendation on December 8, 2020 (ECF No. 29). The parties were furnished a copy of the Report and Recommendation and afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). I have made a *de novo* determination of all timely filed objections.

Having considered the Report and Recommendation, and the objections thereto, I have determined the Report and Recommendation should be adopted.

Accordingly, it is **ORDERED**:

1.    The chief magistrate judge's Report and Recommendation (ECF No. 29) is adopted and incorporated by reference in this order.

2.    The petition for writ of habeas corpus (ECF No. 1) is **GRANTED IN PART AND DENIED IN PART AS FOLLOWS**:

241

Page 2 of 2

(a)     The petition is **GRANTED** with respect to the ineffective assistance of appellate counsel claims asserted in Grounds Three and Seven of the § 2254 petition, and the writ is issued conditioned on the State's providing Petitioner an opportunity to present his claims of trial court error (with respect to the trial court's rulings on the victim's competency to testify and the sufficiency of the evidence to support the conviction) to the state appellate court within a reasonable time.

(b)     The petition is **DENIED** with respect to all of the remaining claims presented in the § 2254 petition, and a certificate of appealability is **DENIED** as to those claims.

**DONE AND ORDERED** this 12th day of February, 2020.

s/L. A. Collier
**LACEY A. COLLIER**
**SENIOR UNITED STATES DISTRICT JUDGE**

Case No.: 3:19cv394/LAC/EMT

242

## DISTRICT COURT OF APPEAL, FIRST DISTRICT
### 2000 Drayton Drive
### Tallahassee, Florida 32399-0950
### Telephone No. (850)488-6151

February 23, 2021

**CASE NO.: 1D14-0170**
L.T. No.: 2011-CF-000702

| Paul Burns | v. | State of Florida |
|---|---|---|
| Appellant / Petitioner(s), | | Appellee / Respondent(s) |

### BY ORDER OF THE COURT:

The United States District Court for the Northern District of Florida issued an order in case number 3:19cv394/LAC/EMT, granting Paul Burns partial relief on his petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. *See Burns v. Inch*, 2021 WL 534758 (N.D. Fla. Feb. 12, 2021)(granting relief of grounds three and seven alleged in the habeas petition and conditioning issuance of the writ on the State's providing Burns a chance to present his claims of trial court error "to the state appellate court within a reasonable time").

On February 17, 2021, the State filed a Motion to Reopen Appeal in this Court's case number 1D14-0170, Burns' direct appeal of his 2012 judgment and sentence. This Court affirmed the judgment and sentence. *Burns v. State*, 171 So. 3d 703 (Fla. 1st DCA 2015) (unpublished table decision). And mandate issued on September 1, 2015. And thus the Court denies the State's motion to reopen case number 1D14-0170.

Even so, having received notice of the federal court's order, the Court concludes that the proper remedy is to grant Burns a new appeal of the judgment and sentence of the Circuit Court for Walton County in case number 2011-CF-000702, to review the issues set forth in the federal court's order. *Cf. Jenkins v. State*, 75 So. 3d 1288, 1290 (Fla. 1st DCA 2011) (granting a petition alleging ineffective assistance of appellate counsel and ordering a new appeal); *Williams v. State*, 50 So. 3d 791, 792 (Fla. 1st DCA 2010) (same). We direct the clerk of the First District Court of Appeal to treat the federal court's order as a notice of appeal and to assign a new case number.

**I HEREBY CERTIFY** that the foregoing is (a true copy of) the original court order.

Served:

Anne C. Conley, AAG
Charles R. McCoy, S. A.A.G.
Kathleen Stover, APD
Steven L. Seliger, APD

Hon. Ashley Moody, AG
Hon. Jessica J. Yeary, PD
Leonard Platteborze, A.P.D.
Paul Burns

Hon. Alex Alford, Clerk

co

_KRISTINA SAMUELS, CLERK_



# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

---

No. 1D21-552

---

PAUL BURNS,

      Appellant,

    v.

STATE OF FLORIDA,

      Appellee.

---

On appeal from the Circuit Court for Walton County.
Kelvin C. Wells, Judge.

April 28, 2022

PER CURIAM.

    AFFIRMED.

LEWIS, BILBREY, and JAY, JJ., concur.

---

***Not final until disposition of any timely and
authorized motion under Fla. R. App. P. 9.330 or
9.331.***

---

Received 5/4/22

LEGAL MAIL

Delivered to Wakulla CI 5/3/22

MAY 5 2022

for mailing

Candice Kaye Brower, Regional Counsel, and Michael J. Titus, Assistant Conflict Counsel, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Daren L. Shippy, Assistant Attorney General, Tallahassee, for Appellee.

motion and, according to the clerk of court's minute sheet, denied the motion for new trial (*see id.* at 139).

## 1. Appellate Counsel's Failure to Challenge Trial Court's Ruling on T.V.'s Competency to Testify

With respect to appellate counsel's failure to argue error regarding the trial court's competency ruling, the test applied in the Florida courts in determining the competency of a child witness is based on "his or her intelligence, rather than his or her age, and, in addition, whether the child possesses a sense of obligation to tell the truth." *Floyd v. State*, 18 So. 3d 432, 443–44 (Fla. 2009) (internal quotation marks and citations omitted). When evaluating the competency of a child, the trial court should consider the following:

(1) whether the child is capable of observing and recollecting facts; (2) whether the child is capable of narrating those facts to the court or to a jury; and (3) whether the child has a moral sense of the obligation to tell the truth.

*Floyd*, 18 So. 3d at 443 (citations omitted).

The trial judge has the discretion to decide whether a witness of tender age is competent to testify and, accordingly, the court's decision is reviewed for abuse of discretion. *Floyd*, 18 So. 3d at 444. A trial court's denial of a motion for new trial is also reviewed under the abuse of discretion standard. *See Woods v. State*, 733

So. 2d 980, 988 (Fla. 1999).  Under the "abuse of discretion" standard of review, a ruling will be upheld unless the ruling is "arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable person would take the view adopted by the trial court." *Banks v. State*, 46 So. 3d 989, 997 (Fla. 2010) (internal quotation marks and citations omitted).

Considering T.V.'s testimony during voir dire and her testimony in front of the jury, no fairminded jurist could agree with the First DCA's rejection of Burns' IAAC claim.  Every fairminded jurist must conclude that appellate counsel performed deficiently by failing to challenge the trial court's competency ruling. Additionally, every fairminded jurist must conclude that there is a reasonable probability the appellate court would have determined that the trial court's competency ruling was an abuse of discretion (in other words, there is a reasonable probability the appellate court would have concluded that no reasonable person could conclude that T.V. had a moral sense of the obligation to tell the truth, **was capable of** observing and **recollecting facts, and was capable of narrating those facts to the jury**).  Burns has demonstrated that AEDPA deference does not apply to the First DCA's rejection of his IAAC claim based upon counsel's failure to challenge the trial court's competency ruling.

Case No.:  3:19cv394/LAC/EMT

or to a jury; and (3) whether the child has a moral sense of the obligation to tell the truth. *Floyd*, 18 So. 3d at 443 (citations omitted); *Griffin v. State*, 526 So. 2d 752, 753 (Fla. 1st DCA 1998). The court must also consider the entire context of the child's testimony and whether it is corroborated by other evidence. *Bennett v. State*, 971 So. 2d 196, 201 (Fla. 1st DCA 2007) (citing *Lloyd v. State*, 524 So. 2d 396, 400 (Fla. 1988)). The trial court's questioning of the child victim concerning the three core competency factors must be more than cursory. *Black v. State*, 864 So. 2d 464 (Fla. 1st DCA 2003) (trial court's cursory questions did not demonstrate that the child could recollect facts, narrate those facts, or that she had the "moral sense of the obligation to tell the truth").

Here, a challenge to the trial court's competency determination was so obviously valid from the face of the trial transcript that any competent appellate lawyer would have raised it. T.V.'s trial testimony shows that she was wholly unable to narrate facts to the jury and also appeared unable to recollect facts. Considering the trial record and the Florida state law discussed *supra*, Burns has demonstrated that his appellate counsel was objectively unreasonable in failing to challenge the trial court's competency ruling on direct appeal.

With respect to *Strickland*'s prejudice prong, the record also shows that "the omitted claim would have had a reasonable probability of success" on appeal. *Eagle*, 279 F.3d at 943. This makes counsel's performance "necessarily prejudicial because it affected the outcome of the appeal." *Id.* If Burns' appellate counsel had challenged the trial court's competency determination, the state appellate court would, in all probability, have opted to grant a new trial. There can be no doubt, then, that counsel's decision to omit the competency claim from her brief "undermines confidence in the outcome of [Burns'] direct appeal sufficient to satisfy the prejudice prong of *Strickland*." *Id.*

Generally speaking, even when the federal court conducts a de novo review of the merits of a petitioner's claim, the petitioner must also show that he is in custody "in violation of the Constitution or laws and treaties of the United States," *see* 28 U.S.C. § 2254(a), and that the constitutional error resulted in "actual prejudice," meaning, the error "had a substantial and injurious effect or influence in determining the jury's verdict." *See Brecht*, 507 U.S. at 637 (internal quotation marks and citation omitted). However, some constitutional claims already encompass a prejudice component that subsumes the harmless error test. For example, for ineffective assistance of counsel claims brought under *Strickland*, a

prejudice component is included in the constitutional test that is more onerous (from a petitioner's perspective) than the harmless error test generally applied to constitutional claims.    Thus, if the petitioner establishes a violation of his Sixth Amendment rights under *Strickland*, he will have necessarily demonstrated that the Sixth Amendment violation was not harmless.    *See* Means, *Postconviction Remedies*, § 30:2 (West 2014 ed.) (footnotes omitted).

Burns has established a Sixth Amendment violation with respect to appellate counsel's failure to challenge the trial court's ruling on T.V.'s competency to testify at Burns' trial.    Therefore, Burns is entitled to federal habeas relief on this IAAC claim.   The appropriate remedy is to issue a writ of habeas corpus conditioned on the State's providing Burns an opportunity to present this issue to the state appellate court within a reasonable time. *See Davis v. Sec'y for Dep't of Corr.*, 341 F.3d 1310, 1317 (11th Cir. 2003) (where there was a reasonable probability state appellate court would have reversed petitioner's conviction but for counsel's failure to preserve *Batson* challenge, federal court should grant writ of habeas corpus conditioned on the State's provision of ether a new trial or an opportunity to take an out-of-time appeal wherein his *Batson* challenge could be decided by the state courts on its merits) (comparing *Eagle*, 279 F.3d at 944 (remanding "with instructions to

issue a writ of habeas corpus conditioned on the State's right to provide Eagle a new trial within a reasonable period of time"), with *Pressley v. Wainwright*, 540 F.2d 818, 819 n.2 (5th Cir. 1976) (ordering the State "either to allow a belated application for certiorari or to set aside the conviction and grant a new trial within a reasonable time," in a case granting habeas relief on the basis of counsel's ineffectiveness in protecting a client's right to seek review in the Florida Supreme Court)); *see also, e.g., Hall v. Warden, Lee Arrendale State Prison*, 686 F. App'x 671, 685 (11th Cir. 2017) (unpublished but cited as persuasive authority) (holding that petitioner's appellate counsel was ineffective and remanding case to district court to order the State to grant petitioner a new direct appeal).

## 2. Appellate Counsel's Failure to Challenge Trial Court's Ruling on Sufficiency of Evidence to Support Conviction

Burns is also entitled to federal habeas relief on his claim that appellate counsel was ineffective for failing to argue that the trial court erred by denying defense counsel's motions for JOA and a new trial. With respect to appellate counsel's failure to challenge the trial court's denial of the defense's motion for JOA, in Florida, a trial court's denial of a motion for JOA is reviewed on appeal under a de novo standard. *See Hobart v. State*, 175 So. 3d 191, 199 (Fla. 2015). Under

credibility of witnesses so as to act, in effect, as an additional juror." *Tibbs v. State*, 397 So. 2d 1120, 1123 n.9 (Fla. 1981).

At the time Burns' direct appeal was pending,[9] the Florida Supreme Court had issued three decisions holding that if a child victim of sexual abuse totally repudiates his or her out-of-court statements at trial, and the prosecution adduces no eyewitness or physical evidence of abuse, the trial court must grant a JOA when the other evidence presented by the prosecution does not corroborate the facts alleged in the victim's repudiated statement. *See Baugh*, 961 So. 2d at 200; *Beber v. State*, 1248, 1253 (Fla. 2004); *State v. Green*, 667 So. 2d 756 (Fla. 1995).

In *Green*, the Florida Supreme Court was asked whether a child victim's prior inconsistent hearsay statements, which were admitted as substantive evidence pursuant to section 90.803(23), were sufficient to sustain a criminal conviction. 667 So. 2d at 760. The court explained that "[t]o allow the state to use as its sole evidence of the commission of the crime charged such prior unsworn, out of court statements which were not subject to cross-examination by the defendant [would] violate[ ] the [defendant's] sixth amendment right to confrontation and cross-examination." *Id.* (internal quotation marks and citation omitted). The court held

---

[9] The First DCA granted Burns a belated direct appeal on December 26, 2013, and issued its opinion affirming his conviction on June 30, 2015.

mother may have been "suggestive of guilt," but it was also consistent with a troubled defendant in need of psychotherapy, as evidenced by Baugh's earlier suicide attempt by the same method when his telephone service was turned off for nonpayment. *Id.* Additionally, while the testimony of both the jail inmate and the mother's former friend about C.P.'s recantation could indicate that C.P. was pressured to change her story, it also reflected the reality of the situation—Baugh would not get out of jail as long as the child alleged that he committed the crime. *Id.* at 204–05. The Florida Supreme Court concluded that the evidence presented to "corroborate" C.P.'s recanted out-of-court statements did not necessarily strengthen or confirm the recanted out-of-court statements; therefore, it was insufficient to sustain Baugh's conviction. *Id.* at 205.

Also at the time of Burns' direct appeal, the Florida First DCA had decided *Johnson v. State*, 1 So. 3d 1164 (Fla. 1st DCA 2009), which applied *Beber* and was particularly persuasive on the issue of whether the evidence was sufficient to support Burns' conviction. In *Johnson*, the defendant's six-year-old son, M.J., and ten-year-old daughter, L.J., stated during videotaped interviews with the child protection team that Johnson had sexually molested them. 1 So. 3d at 1164–65. At trial, the State presented the testimony of several adults, who related the statements the

*Johnson*, 1 So. 3d at 1166. The court held that because there was no evidence of the crimes against M.J. other than the child's out-of-court statements, Johnson's convictions must be reversed. *Id.*

Here, as in *Johnson*, the most that could be said of T.V.'s trial testimony is that it left open the possibility that her earlier, out-of-court accusation—that Burns' tongue (or mouth) had union with her "tutu"—was true. Further, only the similar fact testimony of Ms. Lopez arguably corroborated the specific act of oral union. The weight of this so-called corroborating evidence paled in comparison to that which the Florida Supreme Court held was insufficient in *Baugh*. Although the *Baugh* victim "totally repudiated" her out-of-court statement, the principle of law apparently applies even to a partially repudiated out-of-court statement, as illustrated in *Beber*, where the victim repudiated his pre-trial statement that the defendant had performed fellatio on him but continued to maintain that the defendant touched his penis.

Considering the trial evidence described *supra* and all reasonable inferences from this evidence in the light most favorable to the State, and applying the Florida courts' decisions to that evidence, no fairminded jurist could agree with the First DCA's rejection of Burns' IAAC claim. Indeed, every fairminded jurist must

conclude that Burns' appellate counsel was deficient for failing to argue that there was insufficient evidence to support the conviction.[11] Additionally, every fairminded jurist must conclude that Burns had a reasonable probability of success on appeal if counsel had argued that there was insufficient evidence to support the conviction. Burns has demonstrated that AEDPA deference does not apply to the First DCA's adjudication of this IAAC claim.

Considering Burn's IAAC claim without deferring to the First DCA's opinion on it, the undersigned concludes that Burns has demonstrated that his appellate counsel was objectively unreasonable in failing argue that the evidence was insufficient to sustain the conviction. Additionally, if Burns' appellate counsel had challenged the sufficiency of the evidence, there is a reasonable probability the issue would have been successful on direct appeal.

Burns demonstrated a Sixth Amendment violation with respect to his IAAC claim based on appellate counsel's failure to challenge the sufficiency of the evidence on direct appeal. Therefore, Burns is entitled to issuance of the writ

---

[11] Even if the challenge to the sufficiency of the evidence was deemed unpreserved, Burns' appellate counsel could have successfully argued that the issue should be reviewed as fundamental error. *See Mendez v. State*, 271 So. 3d 1093, 1099 (Fla. 3d DCA 2019) ("Because the evidence at trial was legally insufficient to support Mendez's lewd and lascivious molestation conviction, we hold that fundamental error has occurred, and we vacate said conviction.").

conditioned on the State's providing Burns an opportunity to present a challenge to the sufficiency of the evidence to the state appellate court. *See Davis*, 341 F.3d at 1317.

## 2. Federal Due Process Claims

In Grounds Three and Seven, Burns appears to assert a federal due process challenge to the sufficiency of the evidence, specifically, the trial court's denial of defense counsel's motion for judgment of acquittal (JOA) and motion for new trial. In Ground Seven, Burns appears to assert an additional federal due process challenge to the trial court's determination that T.V. was competent to testify. The court will address each of these challenges in turn.

### a. Federal Challenge to Trial Court's Ruling on Sufficiency of Evidence to Support Conviction

In Ground Three, Burns assert a federal challenge to the trial court's ruling on the sufficiency of the evidence, independent of Burns' IAAC claim based upon appellate counsel's failure to challenge the trial court's denial of the defense's motion for JOA and motion for new trial. Burns presented this claim as Ground Three of his Rule 3.850 motion (App. E at 28–32). The state court denied Burns' Rule 3.850 motion as untimely, and also noted that Burns' claims of trial court error were not properly presented in a rule 3.850 motion (*id.* at 88–91).

Burns clearly argues that any procedural default was caused by ineffective assistance of appellate counsel. A showing of ineffective assistance of appellate counsel in failing to raise a claim on direct appeal can constitute "cause" so long as the ineffective assistance "occurred during a stage when a petitioner had a constitutional right to counsel, and the ineffective-assistance claim itself is both exhausted and not procedurally defaulted." *Sealey v. Warden, Ga. Diagnostic Prison*, 954 F.3d 1338, 1365 (11th Cir. 2020) (internal quotation marks and citations omitted). No one disputes that Burns had a right to counsel during his state-court trial and direct appeal. And as evident from the previous discussion of Burns' relevant IAAC claims, the State does not dispute that Burns properly exhausted his IAAC claims. For the reasons discussed *supra*, Burns has demonstrated that his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence on direct appeal.[13] Because Burns has demonstrated he is entitled to federal review of his federal due process claim through the "cause and prejudice"

---

[13] The Eleventh Circuit has not decided whether a state court's decision concerning an ineffective assistance of counsel claim receives deference under § 2254(d) within a procedural default analysis. *See Sealey v. Warden, Ga. Diagnostic Prison*, 954 F.3d 1338, 1365 n.16 (11th Cir. 2020) (citations omitted) (noting that this is an issue "that has divided courts" and declining to address the issue because petitioner's IAAC claim failed even under de novo review). That does not matter here, because the undersigned determined that the First DCA's adjudication of Burns' relevant IAAC claims was **not** entitled to deference, and the undersigned further determined that Burns' IAAC claims were meritorious on de novo review. Burns has satisfied the "cause and prejudice" standard.

gateway, the court must review his federal challenge to the sufficiency of the evidence de novo.

As an issue of federal law, Burns' challenge to the sufficiency of the evidence derives from the Fourteenth Amendment due process requirement that the evidence presented at trial be sufficient to convict, that is, the State must prove beyond a reasonable doubt every fact that constitutes an essential element of the crime charged against the defendant. *In re Winship*, 397 U.S. 358, 364 (1970); *see also Beber*, 887 So. 2d at 1251. When reviewing a claim of insufficient evidence in federal habeas corpus, the proper inquiry is not whether the reviewing court itself believes that the evidence established guilt beyond a reasonable doubt but "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citation omitted); *see also Conklin v. Schofield*, 366 F.3d 1191, 1200 (11th Cir. 2004); *Banks v. State*, 732 So. 2d 1065 (Fla. 1999). Where the State presents no evidence whatsoever to prove one of the basic elements of the crime, the conviction fails to satisfy the Constitution's demands. *Fiore v. White*, 531 U.S. 225, 229 (2001).

STATE OF FLORIDA
OFFICE OF CRIMINAL CONFLICT & CIVIL REGIONAL COUNSEL
FIRST REGION

*Received 5/4/22*
*Delivered 5/5/22* CANDICE K. BROWER
LEGAL MAIL REGIONAL COUNSEL
Provided to Wakulla CI

MAY 5 2022
for mailing



Richard Currey
Chief Assistant Regional Counsel

**FIRST CIRCUIT**

☐ **ESCAMBIA**
Post Office Box 12273
Pensacola, Florida 32591
850-595-4070

☐ **OKALOOSA - NORTH**
1455 S. Ferdon Blvd., Suite C1
Crestview, Florida 32539
850-683-7530

☐ **OKALOOSA - SOUTH**
1804 Lewis Turner Blvd., Suite 202
Fort Walton Beach, Florida 32547
850-586-7360

☐ **SANTA ROSA**
Post Office Box 369
Milton, Florida 32572
850-983-0302

☐ **WALTON**
Post Office Box 1403
DeFuniak Springs, Florida 32435
850-892-1042

**SECOND CIRCUIT**

☑ **LEON / ADMIN**
Post Office Box 1019
Tallahassee, Florida 32302
850-922-0179

**THIRD CIRCUIT**

☐ **COLUMBIA**
Post Office Box 2698
Lake City, Florida 32056
386-754-1076

**FOURTH CIRCUIT**

☐ **CLAY**
Post Office Box 1047
Green Cove Springs, Florida 32043
904-529-1050

☐ **DUVAL**
1 West Adams Street, Suite 200
Jacksonville, Florida 32202
904-301-1112

☐ **NASSAU**
463251 State Road 200, Highway A1A
Yulee, Florida 32097
904-225-9737

**EIGHTH CIRCUIT**

☐ **ALACHUA**
235 S. Main Street, Suite 205
Gainesville, Florida 32601
352-377-0567

☐ **BAKER**
190 West Macclenny Avenue
Macclenny, Florida 32063
904-259-8091

**FOURTEENTH CIRCUIT**

☐ **BAY**
Post Office Box 1789
Panama City, Florida 32402
850-767-3330

☐ **JACKSON**
Post Office Box 509
Marianna, Florida 32447
850-482-9922

May 2, 2022

Paul Burns
DC#A50969
Wakulla Correctional Institution
110 Melaleuca Drive
Crawfordville, Florida 32327

Re: First DCA Case No.: 1D21-0552

Dear Mr. Burns,

Enclosed please find a copy of the decision of the District Court of Appeal, First District, in your case. As you can see, the District Court has affirmed your conviction and sentence, without a written opinion. Unfortunately, the Court did not agree with the arguments made in your brief. I am sure this decision comes as a surprise, and a serious disappointment, after receiving such a positive opinion from the federal court. However, I do believe that the federal court may have overlooked, or misconstrued, certain aspects of state law. For instance, your trial attorney did not properly preserve the motion for judgment of acquittal for appellate review, and under current jurisprudence, your conviction did not constitute fundamental error.

I do not believe that there are any grounds for further proceedings as far as appeal is concerned. I can see no basis to petition the District Court for rehearing. A motion for rehearing is provided by the rules to permit a party to point out some matter of fact or law which the Court may have overlooked in arriving at its decision, but not to re-argue the case.

The following legal information is provided to all of my clients. This may or may not pertain to your specific case. I fully understand that you may have already exhausted many of these possible remedies.

You may consider a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850, in which you may allege that new evidence has been discovered which would have affected the outcome of your trial, or that your trial lawyer provided ineffective assistance to you at trial, if the lawyer's mistakes likely affected the outcome of the trial. Generally, every post-conviction claim

**LEGAL MAIL**
**Provided to**
**Wakulla CI**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

AUG **2 3** 2022

 FOR MAILING

PAUL BURNS

VS

CASE NO. 3:19-cv-394-LC-EMT

MARK S. INCH

### REFERRAL AND ORDER

Referred to Judge Collier on 8/16/2022

Type of Motion/Pleading <u>Amendment to Petition for Writ of Habeas</u>
<u>Corpus</u>

Filed by: <u>PETITIONER</u>          on <u>8/15/22</u>       Doc. No. 43

( ) Stipulated/Consented/Joint Pleading

RESPONSES:

_____ on _____ Doc. No. _____
_____ on _____ Doc. No. _____

JESSICA J. LYUBLANOVITS
CLERK OF COURT

/s/ *Jennifer F. Johnson*

Deputy Clerk: Jennifer F. Johnson

### ORDER

Upon consideration of the foregoing, it is ORDERED this 17th day of
August, 2022, that:

(a) The requested relief is **DENIED**, and this case remains **CLOSED**.
    The Court will not act on the Amended Petition. Petitioner was
    afforded § 2254 relief in this action by being allowed to file a
    belated appeal in state court. If Petitioner now wishes to claim
    Constitutional error during that appellate process, he must file
    a new § 2254 petition, which will be assigned a new case number.
    In so doing, Petitioner should be mindful of § 2254 exhaustion
    requirements.

s/*L.A. Collier*

LACEY A COLLIER
SENIOR UNITED STATES DISTRICT JUDGE

Supporting Facts Statement
The State of Florida has engaged
in an egregious, decade-long pattern
of prosecutorial misconduct to ensure
that the facts of Paul Burns innocence
Never comes to light. Given these facts,
we must be convinced that those in
appellants position receive a trial
free of prejudicial error.
    The three attorney's involed in my
case only made a perfunctory performance.
James Levy, Paid Attorney by procedural
errors not limited to, but as not filing a
proper motion for indigence to hire an
expert, Nor located said expert in a
timely manner.
    And Kathleen Stover who failed to
address the trial courts ruling on the
so-called victims competency and the
sufficiency of the evidence to support
conviction in my Direct Appeal (1D14-0170),
and Michael T. Titus, RC1 who stated
in a letter to me dated May 2, 2022
Second Direct Appeal No.: 1D21-0552,

" I do believe that the _federal court_
may _have_ _overlooked, or misconstrued,_
certain aspects of state law." " For
instance, your trial attorney did not
_properly preserve the motion for_
_judgment of acquittal_ for appellate
review, and under current jurisprudence,
your conviction did not constitute
_fundamental error._" See pg. 102 of R+R.
It was as if the lawyer(s) wrote on the
brief(s), "_I don't want to represent_
_this guy_ but _I have to so here it is,_"
It seems that in the criminal justice
system, _strategy trumps truth._
    There's been a void in violation of
equal protection of law clause of the
Fourteenth Amendment of the United
States Constitution. Due process of
the Fourteenth Amendment protects the
accused against conviction except
upon proof beyond a reasonable
doubt, of every fact necessary to
constitute the crime with which he
is charged. U.S.C.A. Const. Amend. 14.

In this case if viewed in light of the lack of evidence as a whole, would be sufficient to establish, by clear and convincing evidence that, but for Constitutional error, <u>NO REASONABLE fact finder would have found the applicant guilty</u>.

Mr. Burns only relies on previous petitions and the <u>Order</u> by this Court on 2/17/21 Case No: 3:19cv394/LAC/EMT and the conclutions of Chief Magistrate Judges Report and Recommendation on December 8, 2020 to make a <u>prima facie</u> showing of the supporting facts in this case. Mr. Burns can not explain this case any clearer than Chief U. S. Magistrate Judge Leayn Dunbar. It is clearly explained that the State violated Mr. Burns' due process by the state court's ruling on the alledge victim's competency, the sufficiency of the evidence to support the conviction and the weight of the so-called corroborating evidence paled in comparison to that which the <u>Florida Supreme Court</u> <u>held was insufficient</u>.

Considering Tessa Varner's testimony
in front of the jury, No fairminded
jurist could agree with the First
DCA's Rejection of Mr. Burns' State
Habeas Corpus petition on the merits
(Pg. 84 of R+R), and again on Mr. Burns'
Second Direct Appeal (1D21-0552) with
No written opinion. On page 84 of
R+R it states that a challenge to the
trial court's competency determination
was so obviously valid from the face of
the trial transcript. No fairminded.
jurist could agree with the trial court's
Competency determination because Tessa
Varner's testimoney was wholly unable
to narrate to the jury and was unable
to recollect facts. The trial court also
erred by denying defense counsel's
motion(s) for JOA and a New trial

The State also admits in their Answer
Brief dated May 13. 2020, that the State
will agree that a juror typically would
not have experience or knowledge of
whether an autistic (as opposed to a child
who was Not autistic) would be more
susceptible to the power of suggestion through

well-intentioned, but leading, questions
by an untrained person. The State also
agreed that a juror would not have
experience or knowledge which the
alledged victim's mother had through
her experience: that is, how to ask
difficult questions of an autistic child and
still get a meaningful answer. Therefore,
it would have been error for the trial
court here to exclude a known expert.





Tallahassee P&DF 323

THU 01 SEP 2022 PM

Mr. Paul Burns A50969
Wakulla C.I. Main Unit
110 Melaleuca Drive
Crawfordville, FL 32327

Clerk, U.S. District Court
1 North Palafox Street, Room 226
Pensacola, Florida 32502-5658

LEGAL MAIL
Provided to
Wakulla CI

AUG 31 2022

FOR MAILING