UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PAUL BURNS,

    Petitioner,

v.                        Case No. 3:22cv17474-MCR-HTC

RICKY D. DIXON,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This habeas case, filed under 28 U.S.C. § 2254, is before the Court on the Secretary's motion to dismiss the petition as successive. ECF Doc. 9. Upon consideration of the motion, record below, relevant law, and Petitioner Burns' response, ECF Doc. 11, the undersigned disagrees and respectfully recommends the motion to dismiss be DENIED. Namely, as will be discussed below, although the instant petition is Burns' second petition challenging his Walton County judgment of conviction, the petition was filed *after* Senior Judge Collier granted two grounds for relief raised in an earlier petition and remanded those issues to the state appellate court for consideration *and* the state appellate court subsequently denied relief. Thus, although second-in-time, the instant petition is not successive.

I.  BACKGROUND

After a jury trial, Petitioner was convicted of sexual battery on a victim younger than twelve and sentenced to life in prison, with a 25-year minimum mandatory.  2011 CF 702 (Walton County); ECF Doc. 14-1 at 134 in *Burns v. Inch*, 3:19cv394-LC-EMT (the "First Federal Petition").  In 2019, Petitioner filed a federal habeas petition in this District challenging that judgment.  *See Burns v. Inch*, 3:19cv394-LC-EMT (N.D. Fla).  As pertinent to this Report, in Ground Three of the First Federal Petition, Petitioner argued the evidence was insufficient to convict him of the charged offense – namely, that he placed his tongue on the victim T.V.'s vagina, and in Ground Seven, he argued the trial court erred in concluding T.V. was competent to testify.[1]  ECF Doc. 1 at 29-33, 63 (3:19cv394).  Burns argued he did not raise those grounds in his direct appeal because appellate counsel refused to do so, ECF Doc. 29 at 41 (3:19cv394), but exhausted those claims by bringing an ineffective assistance of appellate counsel ("IAAC") claim in a state habeas petition, which the First District Court of Appeals ("First DCA") denied without explanation. *Id.* at 42.

In a 137-page Report and Recommendation, then Chief Magistrate Judge Timothy recommended Burns' First Federal Petition be granted as to Grounds Three

---

[1] T.V. suffered from autism and as discussed in the Report and Recommendation as to the First Federal Petition, at times, T.V. was unable to recollect facts, respond to questions coherently, or narrate facts to the jury.  ECF Doc. 29 at 47, 49-71, 86 (3:19cv494).

and Seven.  ECF Doc. 29.  As to Ground Three, Judge Timothy concluded "a challenge to the trial court's competency determination was so obviously valid from the face of the trial transcript that any competent appellate lawyer would have raised it," ECF Doc. 29 at 86, and, had appellate counsel raised the challenge, "in all probability" the state appellate court would have "opted to grant a new trial," *id*. at 87.  As to Ground Seven, Judge Timothy stated that "no fairminded jurist could agree with the First DCA's rejection of Burns' IAAC claim."  ECF Doc. 29 at 102.  Senior Judge Collier adopted the Report and Recommendation, granting the writ in part, conditioned on the State providing Burns an opportunity to present those two claims of trial court error to the First DCA.  ECF Doc. 36 (3:19cv394).

On February 17, 2021, the State filed a Motion to Reopen Appeal with the First DCA.  ECF Doc. 1 at 27.  Although the First DCA denied the motion, the court directed the clerk to treat the federal court's order as a notice of appeal and assigned a new case number to the appeal.  *See id*.; *Burns v. State of Florida,* Case No.: 1D21-0552.  On April 28, 2022, after the two issues were fully briefed, the First DCA affirmed, *per curiam* and without written explanation, ECF Doc. 9-5, and issued its mandate on July 1, 2022, ECF Doc. 9-6.  After an unsuccessful bid for a rehearing, ECF Doc. 9-7 at 15-25, Burns sought to invoke the Florida Supreme Court's discretionary jurisdiction, ECF Doc. 7.  On August 1, 2022, the Florida Supreme

Case No. 3:22cv17474-MCR-HTC

Court dismissed the appeal, finding it lacked jurisdiction to review an unelaborated decision from the First DCA. ECF Doc. 9-8.

Burns then filed an Amended Petition for Writ of Habeas Corpus in the First Federal Petition. ECF Doc. 43 (3:19cv494). Judge Collier treated the petition as a motion to amend or reopen the First Federal Petition, denied relief, and directed Petitioner to file a new habeas petition if he wished to claim constitutional error as to the First DCA's decision on remand. ECF Doc. 44 (3:19cv494). On August 31, 2022, Petitioner filed the instant petition, ECF Doc. 1, raising four grounds for relief – grounds 1, 2 and 3 seek to challenge the First DCA's decision on remand, while ground 4 repeats a challenge that was rejected by the court in the first petition.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). If a petitioner files a second or successive habeas petition without first seeking permission from the appellate court, the District Court is "without jurisdiction to entertain it." *Hope v.*

*Crews*, No. 12-CV-62414, 2013 WL 12412292, at *2 (S.D. Fla. Aug. 6, 2013) (quoting *Burton v. Stewart*, 549 U.S. at 153). For the reasons explained below, however, the undersigned concludes the instant petition is not successive.

First, "the Supreme Court has unequivocally explained that the phrase 'second or successive' is not self-defining and does not refer to all habeas applications filed second or successively in time." *Stewart v. United States*, 646 F.3d 856, 863 (11th Cir. 2011) (citing *Panetti v. Quarterman,* 551 U.S. 930, 943–44 (2007)). A habeas petition, for example, that "raises a claim that could not have been raised in a prior habeas petition" is not successive. *Id.* (citing *Singleton v. Norris,* 319 F.3d 1018, 1023 (8th Cir. 2003)) (en banc) (finding Singleton's petition was not successive when it raised a claim that did not arise until he was subject to an involuntary medication order pursuant to *Washington v. Harper* and his execution date had been scheduled); *United States v. Orozco–Ramirez,* 211 F.3d 862, 869, 871 (5th Cir. 2000) ("[Orozco–Ramirez's] claim of ineffective assistance of counsel during [his] out-of-time appeal ... could not have been raised in [his] prior proceeding and, thus, is not 'second or successive.'")).

Second, although the Eleventh Circuit has not addressed the precise question of whether a second petition filed *after* a first petition is granted and the matter remanded to state court for consideration is successive, other jurisdictions have and concluded the second-in-time petition is *not* successive under 28 U.S.C. § 2244. For

example, in *In re Williams*, 444 F.3d 233 (4th Cir. 2006), *abrogated on other grounds*, *In re Gray*, 850 F.3d 139, 144 (4th Cir. 2017),[2] the district court granted petitioner's first habeas petition, which like Burns' First Federal Petition, raised as a ground for relief that appellate counsel was ineffective for failing to file a direct appeal. *Id.* at 234. The district court granted relief and ordered the state court to grant Williams leave to appeal his conviction. *Id.* Although the appellate court allowed Williams to pursue a direct appeal, it denied relief on the appeal. *Id.* at 235.

Subsequently, like Burns did here, Williams filed a second habeas petition in federal court. *Id.* The district court, however, dismissed the second petition as successive and directed Williams to seek permission from the Fourth Circuit to file the petition, which Williams did. Relying on *In re Goddard,* 170 F.3d 435, 438 (4th Cir. 1999),[3] the Fourth Circuit held that Petitioner's subsequent habeas petition, brought after he lost on direct appeal, was not a "second or successive" petition and, thus, no permission was necessary. *Id.* at 236 ("Williams' success on the appeal

---

[2] In *Williams*, the court also concluded that any claims previously denied on the merits were successive. *In re Williams,* 444 F.3d at 237. However, in *In re Gray*, the court concluded that a claims-based approach to determining whether a petition is second or successive was no longer good law after *Magwood*, which "made clear that the second or successive inquiry applies to the habeas petition as a whole and not to the petition's individual claims." *In re Gray*, 850 F.3d at 144, n.4.

[3] In *In re Goddard,* 170 F.3d 435, 438 (4th Cir. 1999), the Fourth Circuit held that when a prisoner's first § 2255 motion is granted to permit a direct appeal, a later (substantive) § 2255 motion was not "second or successive," and should not have been dismissed as such.

claim in his initial habeas petition entitles him to file his current petition without first obtaining leave from this court").

The Seventh Circuit has also reached the same conclusion, holding in *Shepeck v. United States,* 150 F.3d 800 (7th Cir.1998) (per curiam), that "an order granting a § 2255 petition, and reimposing sentence [to permit a direct appeal], resets to zero the counter of collateral attacks pursued." *Id.* at 801. And, in *United States v. Scott,* 124 F.3d 1328, 1330 (10th Cir. 1997) (per curiam), the Tenth Circuit held that "because of the unique situation presented when the granting of the prior [§ 2255] motion merely reinstated the right to a direct appeal, the first subsequent motion is not a second or successive motion under AEDPA.").[4]

The undersigned agrees with those circuits and finds Petitioner's second-in-time petition is not successive. Clearly, Petitioner could not have raised challenges to the First DCA's resolution of the substantive claims that were remanded by the court at the time the First Federal Petition was filed.

Relying on cases such as *Stewart, supra*, and *Magwood v. Patterson*, 561 U.S. 320, 332 (2010), Respondent argues the instant petition must be successive because it challenges the same judgment as the one that Petitioner challenged in the first petition. Those cases do not involve a first petition being granted and a later petition

---

[4] Even though *Goddard*, *Shepeck* and *Scott* applied to § 2255 cases, the Fourth Circuit in *Williams* found that distinction did not make a difference.

Case No. 3:22cv17474-MCR-HTC

challenging the decision made by the state court after remand. Instead, in those cases, the Eleventh Circuit addressed whether a second petition filed after an amended judgment and sentence was successive. Thus, the cases relied upon by Respondent are inapplicable.

## III. CONCLUSION

Accordingly, it is respectfully RECOMMENDED that:

1. The Motion to Dismiss Petition, ECF Doc. 9, be DENIED.

2. That Respondent be directed to file a response to the petition within sixty (60) days of the District Judge's Order adopting the report and recommendation.

3. This case be referred back to the undersigned for further proceedings.

At Pensacola, Florida, this 4th day of April, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:22cv17474-MCR-HTC