UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PAUL BURNS,

    Petitioner,

v.                                    Case No. 3:22cv17474-MCR-HTC

RICKY D. DIXON,

    Respondent.
_____/

ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Paul Burns' second (non-successive) habeas petition. Doc. 1. Also pending are Burns' motion to stay the petition until he exhausts state remedies on a new ineffective assistance of appellate counsel ("IAAC") claim he wants to raise, Doc. 19, and Burns' motion for leave to amend the petition to raise that new IAAC claim, Doc. 25. Upon consideration of the petition, the record below, the prior habeas case, the relevant law, and the parties' written submissions, the Court finds the motions to amend and for a stay should be DENIED. The undersigned also finds the petition should be DENIED and a certificate of appealability DENIED.

I.    **BACKGROUND and PROCEDURAL HISTORY**

Burns was convicted by a jury of sexual battery on a 10-year-old victim, T.V., in Walton County, Florida, in 2012. *See* Case No. 2011-CF-702. After exhausting his state remedies, Burns filed a habeas petition under 28 U.S.C. § 2254 with this

Court in 2019. *Burns v. Inch*, 3:19cv394-LC-EMT (the "First Federal Petition").[1] In the First Federal Petition, Burns raised nine (9) claims. The Court denied relief on all grounds except for two IAAC claims as set forth in Grounds Three and Seven of that petition. *See* Doc. 29 (Report and Recommendation) in *Burns v. Inch*, 3:19cv394-LC-EMT; Doc. 36 (adopting Order). Specifically, in Grounds Three and Seven, Burns argued appellate counsel was ineffective for failing to raise on direct appeal the following two claims of trial court error: (1) Ground Three – that the trial court erred in denying the defense's request for judgment of acquittal ("JOA") and motion for new trial and finding, instead, that the evidence was sufficient to support a conviction for capital sexual battery as charged in the information – namely that Burns placed his tongue on T.V.'s vagina; and (2) Ground Seven – that the trial court erred in concluding T.V. was competent to testify.

Although Burns raised those IAAC claims in a state habeas petition to the First District Court of Appeals ("First DCA"), Doc. 15-29, the First DCA denied relief on the merits without written opinion, Doc. 15-31. As detailed in Judge Timothy's 137-page Report and Recommendation, this Court disagreed with the First DCA's conclusion and determined relief was warranted under *Strickland v.*

---

[1] For a detailed recitation of the facts relating to Burns' conviction and the procedural history leading up to the First Federal Petition, see the Report and Recommendation by Chief Magistrate Judge Timothy. *See* Doc. 29, 3:19cv394-LC-EMT.

Case No. 3:22cv17474-MCR-HTC

*Washington*, 466 U.S. 668 (1994) (setting forth the standard for establishing an ineffective assistance of counsel claim).[2]

As to Ground Three, the Court found Burns had met the *Strickland* performance and prejudice prongs[3] because, at most, T.V.'s trial testimony only "left open the possibility that her earlier, out of court accusation – that Burns' tongue (or mouth) had union with her 'tutu' – was true" and the weight of the only evidence corroborating her testimony "paled in comparison" to the weight of evidence that the Florida Supreme Court had found insufficient in other cases. Doc. 29 at 101. As to Ground Seven, the Court found that Burns had satisfied *Strickland*'s performance prong because "a challenge to the trial court's competency determination was so obviously valid from the face of the trial transcript that any competent appellate lawyer would have raised it." Doc. 29 at 86. The Court also found Burns had satisfied *Strickland*'s prejudice prong because "there is a reasonable probability the appellate court would have concluded that no reasonable person could conclude that T.V. had a moral sense of the obligation to tell the truth, **was capable of** observing and **recollecting facts**, **and was capable of narrating those facts to the jury**." Doc. 29 at 84 (emphasis in original).

---

[2] Judge Timothy explained in the Report and Recommendation that habeas deference did not apply to the First DCA's rejection of the IAAC claims because Burns had shown no fair-minded jurists could agree with the First DCA's decision. Doc. 29 at 84.

[3] Under the "performance" prong, a court considers whether counsel's assistance was "reasonable considering all the circumstances." *Strickland*, 466 U.S. at 691. Under the "prejudice" prong, a petitioner must show a reasonable probability that, but for counsel's ineffective performance, petitioner would have prevailed. *Smith v. Robbins,* 528 U.S. 259, 285 (2000).

Case No. 3:22cv17474-MCR-HTC

Thus, the Court issued the writ conditioned on the State providing Burns with an opportunity to present those two claims of trial court error to the state appellate court within a reasonable time. Although Judge Timothy construed Grounds Three and Seven as also including a claim that the trial court errors resulted in a violation of Burns' federal due process rights, the Court denied relief on those federal grounds. Doc. 29 at 123.

On remand, Burns was appointed new appellate counsel who filed an Initial Brief raising the two claims that had been remanded: (1) whether the trial court erred when it found the child competent to testify; and (2) whether the trial court erred in concluding the state's evidence was sufficient to sustain a conviction for capital sexual battery as charged in the information. Doc. 15-41. The First DCA, however, once again, affirmed the judgment and conviction, *per curiam* and without written explanation. *See Burns v. State*, 339 So. 3d 972 (Fla. 1st DCA 2022), *reh'g denied* (June 14, 2022), *review dismissed,* No. SC22-991, 2022 WL 3025909 (Fla. Aug. 1, 2022). Burns filed a notice to invoke discretionary jurisdiction in the Florida Supreme Court, Doc. 15-48, and, on August 1, 2022, the Florida Supreme Court dismissed the petition, Doc. 15-49.

On August 31, 2022, Burns filed the instant second federal petition.[4] Burns returns to this Court seeking review of the state courts' decisions in the second appeal.[5] Burns raises four (4) claims of trial court error. In Ground One, Burns argues the trial court erred in denying a judgment of acquittal or new trial. In Ground Two, Burns argues the evidence presented is insufficient to establish the crime charged. In Ground Three, Burns argues the trial court erred in determining T.V. was competent to testify. And, in Ground Four, Burns argues the trial court erred in allowing similar fact testimony from witness J.L. (Grounds One, Two and Three are the trial court error claims raised in Grounds Three and Seven of the First Federal Petition and Ground Four is the same claim as that which was raised in Ground Eight of the First Federal Petition).

The Secretary filed a response, asking the Court to deny the petition. Doc. 15. First, the Secretary argues that none of the grounds raised include a federal claim and, even if they did, no federal claims had been presented in the second direct appeal and, thus, any such claims were unexhausted (and procedurally defaulted). Second, the Secretary argues Grounds One, Two, and Three fail on the merits. Finally, as to Ground Four, the Secretary argues the claim was previously rejected

---

[4] Burns initially filed an "Amendment to Petition for Writ of Habeas Corpus" on August 10, 2022, in the first federal habeas case, but was directed by the Court to file a new § 2254 petition. Docs. 43, 44 (3:19cv394-LC-EMT).
[5] The Secretary initially moved to dismiss the petition as an unauthorized successive petition, but the Court denied that motion. Docs. 9, 12, and 13.

Case No. 3:22cv17474-MCR-HTC

by this Court in the First Federal Petition and thus Burns is barred from attempting to "resurrect" that claim in the instant federal petition by the Law of The Case Doctrine.

In reply to the Secretary's lack of exhaustion argument, Burns filed a motion to stay, Doc. 19, and a motion to amend the petition, Doc. 25. In the motion to stay, Burns asks that this Court stay and hold this petition in abeyance so he can return to the state court to exhaust an IAAC claim based on appellate counsel's failure to raise federal claims in the second direct appeal. In the motion to amend, Burns asks to be allowed to amend the petition to replace Ground Four, which he concedes was addressed in the First Federal Petition,[6] with an IAAC claim based on appellate counsel's failure to raise federal claims in the second direct appeal. The motion to amend and the motion to stay have been fully briefed. *See* Docs. 21, 23, 25, 26, and 28.

## II. DISCUSSION

### A. Burns Has Not Raised Any Federal Claims in the Instant Petition and No Federal Claims Have Been Exhausted.

The undersigned agrees with the Secretary that none of the four grounds for relief contained in the instant petition include any federal claims. Each ground is premised on a claim of trial court error, the determination of which depends solely

---

[6] Burns also filed a substantive reply to the Secretary's response but did not address Ground Four. Docs. 17, 18. Although it appears Burns has abandoned Ground Four, out of an abundance of caution, that ground for relief is also addressed herein.

on the interpretation of Florida state law. It is well settled, however, that federal habeas corpus relief does not lie for errors of state law. *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991). Thus, because only state law claims are raised in the petition, Burns is not entitled to relief on any of the four grounds. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989) ("[A] habeas petition grounded on issues of state law provides no basis for habeas relief.").

The undersigned also agrees with the Secretary that Burns did not raise any federal claims in the second direct appeal. Thus, even if the Court were to liberally construe the grounds in the instant petition as raising federal claims, those federal claims would be unexhausted and procedurally defaulted.[7] *See Picard v. Connor*, 404 U.S. 270, 277-78 (1971) ("[t]o satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts"). Thus, the petition should be DENIED.

---

[7] As will be discussed in Section II.C., any federal claim would also be barred by the Law of The Case Doctrine because those claims were rejected by this Court in adjudicating the First Federal Petition.

Case No. 3:22cv17474-MCR-HTC

Page 8 of 17

### B. The Motion to Amend and Motion to Stay Are Futile

Burns does not dispute that he did not raise these grounds for relief as federal claims in the state courts. In his reply, he specifically states that he "agrees" with the Secretary's position that, in the Initial Brief on remand, appellate counsel relied on state law and no federal law was cited, nor did counsel argue Burns' constitutional rights to due process and a fair trial under the Fifth, Sixth and Fourteenth Amendments were violated. Doc. 17 at 8. Burns goes on to explain that he "made his displeasure know[n] in an August 15, 2022, letter" to counsel. *Id.*

As stated above, after the Secretary raised the lack-of-exhaustion argument, Burns filed a motion asking for this case to be stayed so he could return to state court and argue appellate counsel was ineffective for failing to raise a federal claim in the second direct appeal. Doc. 19. Before the Court ruled on the motion to stay, Burns filed a petition for writ of habeas corpus with the First DCA alleging his appellate counsel was ineffective for failing to raise federal due process and constitutional violation claims in the second appeal. Doc. 21-1, Case No. 1D2023-2732.[8] Subsequently, Burns also moved to amend the instant petition to add those same IAAC claims. Doc. 25.

Burns' motion to amend and motion to stay, however, are futile because when Judge Collier adopted Judge Timothy's Report and Recommendation to

---

[8] As of the issuance of this Report and Recommendation, that state petition remains pending.

Case No. 3:22cv17474-MCR-HTC

conditionally grant the first petition, the *only* claims the Court directed the Florida appellate court to consider were: (1) whether the trial court had erred *under Florida state law* in concluding the minor victim was competent to testify; and (2) whether the trial court had erred *under Florida state law* in concluding the evidence was sufficient to support a conviction on the charge alleged in the Information.  Thus, there were *no* federal claims for appellate counsel to raise on remand.

In addressing the IAAC component of Grounds Three and Seven, Judge Timothy explained that for a petitioner to show he has been prejudiced under *Strickland* by appellate counsel's failure to raise an unbriefed (but preserved) claim, there must be a determination that the claim had merit.  That merit analysis turns solely on the application of Florida state law.  Doc. 29 at 47 & 83.  In other words, Judge Timothy considered whether there was a reasonable probability under *state law* that the claims would have succeeded had they been raised on appeal and concluded there was.

For example, as to Ground Seven, Judge Timothy stated that the "test [to determine a child's competency to testify] applied in Florida courts … is based on 'his or her intelligence, rather than his or her age, and in addition, whether the child possesses a sense of obligation to tell the truth." *Id.* at 83 (citing *Floyd v. State*, 18 So. 3d 432, 443-44 (Fla. 2009)).  Judge Timothy laid out the factors the trial court should consider in evaluating the competency of a child as determined by Florida state law.  *Id.* at 85-86.  Based on those factors, Judge Timothy concluded that, under

Case No. 3:22cv17474-MCR-HTC

Florida state law, "there is a reasonable probability the appellate court would have determined that the trial court's competency ruling was an abuse of discretion." *Id.* at 84.

Similarly, Judge Timothy's discussion of Ground Three was also premised on her determination that, under Florida state law, the unbriefed claim of lack of sufficiency of the evidence to support the charge had merit and, thus, counsel's failure to raise it on direct appeal was prejudicial under *Strickland*. *Id.* 89-102. Judge Timothy discussed three Florida cases which imposed a higher standard than the federal one and concluded that Burns had a reasonable probability of success had the claim been raised on appeal. Doc. 29 at 92-101.

Because the Court determined the First DCA erred in finding appellate counsel had been effective, the Court, for habeas relief, granted Burns an opportunity to argue those trial court error claims to the First DCA. As discussed above, the determination of whether the trial court erred is premised entirely on state law. Thus, in the Initial Brief on remand, appellate counsel did what the Court instructed – he raised the two claims of trial court error contained in Grounds Three and Seven and argued the trial court's decisions violated state law.

While Burns believes that appellate counsel should also have argued the trial court's errors violated his federal due process and other federal constitutional rights, those claims had no reasonable chance of success. First, as discussed above, this Court's remand was a limited one; the federal arguments would have exceeded that

Case No. 3:22cv17474-MCR-HTC

remand.  Second, as discussed in the next section, this Court had already rejected any federal due process violations because higher standards apply under *federal* law as to whether the trial court's alleged errors resulted in a violation of federal due process; therefore, those claims cannot be resurrected in this second habeas case. Appellate counsel, on remand, could not have been deficient for not pursuing these meritless claims.  *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (Counsel cannot be deemed ineffective for failing to raise claims that are "reasonably considered to be without merit.").  Consequently, Burns' motion to stay and motion to amend are futile.  *See Foman v. Davis,* 371 U.S. 178, 182 (1962) (futility is a factor for the court to consider in determining whether to grant a motion to amend).

Even if the IAAC claims were not futile, the Court nonetheless finds the motion to amend would be denied for undue delay, *Foman,* 371 U.S. at 182, and the motion to stay would be denied for lack of good cause, *Rhines v. Weber*, 544 U.S. 269 (2005).  Notably, Burns admits in the reply to the Secretary's response to the petition that he expressed his dissatisfaction with appellate counsel's failure to "reference any federal case law, nor show[] any violation of [his] federal due process," in a letter to counsel dated August 15, 2022.  Doc. 21-1 at 55-59.  This letter was written *before* Burns filed the instant federal petition and well before the 1-year statute of limitations for filing a federal habeas petition was scheduled to expire.  *See* 28 U.S.C. § 2244(d).  Thus, there was no reason Burns could not have

filed a state habeas petition based on the IAAC claim he seeks to now bring before filing the instant federal petition.

Burns' delay in bringing an IAAC claim with the state court also means his motion to stay should be denied.  In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that a district court has discretion to stay a habeas petition that contains both exhausted and unexhausted claims.  To ensure that a stay does not undermine the AEDPA's objective of encouraging finality, however, the Court went on to explain that a "stay and abeyance should be available only in limited circumstances."  *Id.* at 277.  That is, a court should not grant a stay unless it first determines (1) there was good cause for the petitioner's failure to exhaust his claims first in state court and (2) the unexhausted claims are not plainly meritless.  *Id.*  Despite several opportunities, Burns never addresses how there can be good cause for not bringing an IAAC claim in state court before filing the instant petition when he was aware of the issue in August 2022.  *See* Docs. 23, 26.

### C. Law of the Case Doctrine

As mentioned above, Judge Timothy treated Grounds Three and Seven of the First Federal Petition as encompassing two arguments, one based on federal due process rights under federal law and the other based on whether the trial court's errors had a reasonable probability of success under state law such that counsel's failure to raise them was both ineffective and prejudicial to Burns.  Doc. 29 at 103. As to the former argument, Judge Timothy applied "purely *federal law*," *Id.* at 112

(emphasis in original), and concluded that Burns "has not demonstrated that the trial court's rulings of T.V.'s competency and the sufficiency of the evidence deprived him of a fundamentally fair trial in violation of the federal Constitution." *Id.* at 123. As Judge Timothy explained, whether a state's evidentiary decision violates federal due process turns on whether the decision "affects the fundamental fairness of [petitioner's] trial." *Id.* at 114. Judge Timothy then discussed several Eleventh Circuit cases involving competency findings and found that, under those cases, Burns did not meet the federal standard of showing a fundamentally unfair trial. *Id.* at 122. The Court, therefore, denied relief on federal due process grounds. The Court's decision is the law of the case and bars the Court's reconsideration of those same claims were they to be raised in the instant petition.[9]

Under the doctrine of the law of the case "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California,* 460 U.S. 605, 618 (1983). "The rule promotes finality, efficiency, and stability in the judicial process by ensuring that 'the law applied in decisions at various stages of the same litigation becomes the governing principle in later stages.'" *Magwood v. Jones*, 472 F. Supp. 2d 1333, 1338–39 (M.D. Ala. 2007) (quoting 18 Moore's Federal Practice § 134.20[1]-[2] (3d

---

[9] While the law-of-the-case doctrine may be overcome when substantially different evidence is produced, controlling authority has changed, or the prior decision (the first habeas court's decision, that is) was clearly erroneous and application of it would result in manifest injustice, *United States v. Rozier*, 485 F. App'x 352, 354 (11th Cir. 2012), none of those circumstances exist here.

Case No. 3:22cv17474-MCR-HTC

ed. 2006)).  This doctrine applies equally to habeas cases.  *See In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015).  Indeed, "all federal habeas challenges arising from a state-criminal trial, regardless of whether the defendant was resentenced as a result of a successful habeas challenge, are part of the same 'case' for purposes of the application of the law-of-the-case doctrine."  *Cooper v. Sec'y, Dep't of Corr.*, 2011 WL 795812, at *10 (M.D. Fla. Mar. 1, 2011).  Thus, even when a second-in-time petition is deemed not successive under 28 U.S.C. § 2244(b) because it challenges a new judgment, the law-of-the-case doctrine nonetheless bars reconsideration of claims decided in the first habeas action.  *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014) ("While such a petition is not subject to AEDPA's restrictions on 'second or successive' petitions, AEDPA's other limitations still apply. . . .  [P]reviously decided claims may be foreclosed by the law-of-the-case doctrine.").

Here, the Court considered *and rejected* Burns' claims that his federal constitutional rights were violated when the trial court (1) determined T.V. was competent to testify and (2) concluded the evidence was sufficient to support Burns' conviction.[10]  The Court's denial of relief on those claims is the law of the case and precludes this Court's reconsideration of those claims in this second petition.

---

[10] The Law of the Case Doctrine also precludes this Court's consideration in a second habeas petition of Ground Four, which was raised as Ground Eight of the First Federal Petition.  *See* Doc. 29 at 125-26 (finding as to Ground Eight, that "an independent due process claim, to the extent Burns asserts one, is procedurally barred from federal review").

Therefore, even if those claims had been raised either in the state court or in the instant petition, Burns would not be entitled to federal habeas relief, which also serves as another reason why appellate counsel on the second direct appeal could not have been ineffective and why the motion to stay and motion to amend are futile.

## III.   CONCLUSION

### A.   Evidentiary Hearing

The undersigned finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Upon consideration, the undersigned finds that the claims in this case can be resolved without an evidentiary hearing. *See Schriro*, 550 U.S. at 574.

### B.   Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

Case No. 3:22cv17474-MCR-HTC

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "[B]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this Report and Recommendation.

Accordingly, it is ORDERED:

1. The Motion to Stay, Doc. 19, and Motion for Leave to Amend, Doc. 25, are DENIED.

Additionally, it is respectfully RECOMMENDED:

1. That the petition under 28 U.S.C. § 2254, Doc. 1, be DENIED without an evidentiary hearing.

2. That a certificate of appealability be DENIED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 9th day of April, 2024.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.